## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SBA TOWERS III LLC and SBA TOWERS II LLC | § § § | PLAINTIFFS |
| v. | § § | CIVIL NO.: 1:13cv288-HSO-RHW |
| LOUISIANA CALLCOMM, LLC and TELENET, LLC | § § § | DEFENDANTS |

### DEFAULT JUDGMENT

BEFORE THE COURT is the Amended Motion for Judgment by Default [21] filed by Plaintiffs SBA Towers III, LLC and SBA Towers II, LLC. Having considered the Motion, the record, and relevant legal authorities, the Court is of the opinion that the Motion should be granted as follows.

On July 13, 2010, Defendant Louisiana CallComm, LLC ("Louisiana CallComm") entered into a Purchase and Sale Agreement ("the Contract") with Plaintiffs SBA Towers III, LLC, and SBA Towers II, LLC (collectively, "SBA") pursuant to which SBA purchased a telecommunications tower ("the Tower") from Louisiana CallComm. Am. Compl. ¶6 [4]. John C. Gazzo is the only member of Louisiana CallComm. *Id*. at ¶4. Louisiana CallComm and SBA also executed a Bill of Sale and Assignment ("Bill of Sale") pursuant to which Louisiana CallComm agreed to assign to SBA certain tenant leases that entitled SBA to receive lease payments from the entities leasing antenna space on the Tower. *Id*. at ¶6. The purchase price for the ground lease, the Tower, and improvements was determined by reference to the annual income to be received by SBA from the tenant leases. *Id*.

at ¶7.  The Contract provides that tenant leases between Louisiana CallComm and entities affiliated with Louisiana CallComm will not be included in the determination.  *Id*. at ¶8.

Louisiana CallComm represented and warranted that none of the tenants were affiliated with Louisiana CallComm.  *Id*.  However, Defendant Telenet, LLC ("Telenet"), previously executed a Tower Space License Agreement ("License Agreement") with Louisiana CallComm, and at all relevant times, John C. Gazzo was acting as a principal and/or employee of Telenet.  *Id*. at ¶¶8, 9, 13.  Pursuant to the License Agreement, Telenet agreed to pay initial rent at a rate of $750.00 per month.  *Id*. at ¶ 13.  Rent from the Telenet tenant lease was used in determining the purchase price, which according to SBA, resulted in a $139,604.48 overpayment by SBA.  *Id*. at ¶11.

On July 10, 2014, SBA filed the Original Complaint advancing claims for breach of contract against Louisiana CallComm, fraudulent misrepresentation against both Louisiana CallComm and Telenet, and negligent misrepresentation against both Defendants.  Compl. ¶¶11, 16-19 [1].  SBA also asserts a claim for breach of the License Agreement against Telenet on grounds that Telenet has failed to pay $25,030.74 in rent due under the terms of the License Agreement.  *Id*. at ¶13-15.  SBA filed an Amended Complaint on July 12, 2013, asserting the same causes of action but containing more specific allegations related to the citizenship of the corporate Defendants.  Am. Compl. ¶¶4-5 [4].  SBA seeks liquidated damages

totaling $164,635.22 from Defendants, which consists of the $139,604.48 overpayment and the $25,030.74 of outstanding rent. *Id*. at 6.

On September 30, 2013, Lousiana CallComm was served with Summons through personal service on its registered agent, Alexander Doyle, pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure.  Proof of Service [11].  On October 23, 2013, Telenet was served with Summons through John Gazzo, an officer of Telenet, pursuant to Rule 4(h)(1)(B).  Proof of Service [14].  More than twenty-one days have elapsed since the date on which each Defendant was served with Summons and a filed copy of the Complaint.  On December 17, 2013, SBA filed its Motion for Entry of Default [15] as to both Defendants.  The Clerk of Court entered default on December 18, 2013.   Clerk's Entry of Default [16].   SBA filed its Amended Motion for Default Judgment Against Defendants [21] on June 11, 2014. To date, neither Louisiana CallComm nor Telenet have appeared.

As a result of the breach of the Contract and License Agreement, Defendants owe SBA a total of $164,635.22.  SBA is further entitled to prejudgment interest accrued to date totaling $40,866.30, which is based on Mississippi's legal rate of 8.00% per year.[1]  Miss. Code § 75-17-1(1).  In addition, SBA is entitled to payment of its attorneys' fees and court costs incurred in enforcing its rights under the Contract.  As of the time SBA filed its Amended Motion for Default Judgment on June 11, 2014, SBA had incurred $17,686.40 in attorneys' fees and costs.  Aff. in

---

[1] "In diversity cases, issues of prejudgment interest are governed by state law." *Liberty Mut. Fire Ins. Co. v. Canal Ins. Co.*, 177 F.3d 326, 339 (5th Cir. 1999).  "Mississippi has long held that the prevailing party in a breach of contract suit is entitled to have added legal interest on the sum recovered computed from the date of the breach of the contract to the date of the decree." *Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp.*, 743 So. 2d 954, 971 (Miss. 1999) (citation omitted).

Supp. of Att'y Fees and Expenses [21-4].  The Court finds these fees and costs reasonable and necessary considering the nature of the litigation and the amount of damages sought by SBA.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that because Louisiana CallComm and Telenet failed to answer, respond or otherwise defend against SBA's Amended Complaint in a manner required by the Federal Rules of Civil Procedure, SBA's Motion is well taken and should be granted.  SBA is entitled to a **DEFAULT JUDGMENT** against Louisiana CallComm and Telenet as a matter of law.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that judgment is hereby entered on behalf of SBA and against Louisiana CallComm and Telenet, jointly and severally, in the total amount of $223,187.92.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2014.

_s/ Halil Suleyman Ozerden_

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE